UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADVANCED CARDIOLOGY CENTER CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>JOSÉ GUILLERMO RODRÍGUEZ RODRÍGUEZ, et al.,<br><br>   Defendants. | Civil No. 09-2067 (JAF) |

**OPINION AND ORDER**

Plaintiff Advanced Cardiology Center Corporation ("ACC") brings this action under 42 U.S.C. § 1983, alleging that Defendants Municipality of Mayagüez ("Mayagüez"); José Guillermo Rodríguez Rodríguez, Marisel Mora González, and the conjugal partnership between them; and various unknown parties have retained ACC's property in violation of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution. (Docket No. 1.) Plaintiff moves this court to grant a preliminary injunction ordering Defendants to return any of Plaintiff's property currently in Defendants' possession. (Docket Nos. 5; 6.) Defendant Mayagüez responds with a motion to dismiss (Docket No. 17), which is joined by Defendants Rodríguez and González (Docket Nos. 16; 19). Plaintiff objects to Defendants' motion. (Docket No. 28.)

# I.

## **Factual and Procedural Synopsis**

Unless otherwise noted, we derive the following factual summary from Plaintiff's complaint (Docket No. 1). Plaintiff is a Puerto Rico corporation that contracted with Defendant Mayagüez to administer the Mayagüez Medical Center ("MMC"). (Docket No. 17.) Defendant Rodríguez is the mayor of Mayagüez and Defendant González is his wife. Plaintiff and Mayagüez are involved in an ongoing dispute in the Commonwealth Court of First Instance over lease terms and unpaid rent. See Advanced Cardiology Ctr. Corp. v. Municipality of Mayagüez, No. ISCI 2006-01445 (306) (Ct. First Instance Aug. 30, 2006) ("ACC I"). The Court of First Instance issued an order on August 11, 2009, preventing Plaintiff from removing from MMC any personal property that "because of its use has become real property and, thus, part of the facilities of the Mayagüez Medical Center," and also requiring the Plaintiff to report to the court the removal or transfer of all other property from the MMC. (Docket No. 21-2 at 2.) That case culminated in an order of eviction issued against Plaintiff on August 18, 2009. (Docket No. 21-3 at 10.) The Commonwealth Court of Appeals later affirmed this decision. (Docket No. 21-2.)

Plaintiff filed a second complaint in the Court of First Instance on September 4, 2009, Advanced Cardiology Ctr. Corp. v. Sistemas Integrados de Salud del Suroeste, No. ISCI 2009-01449 (307) (Ct. First Instance Sept. 4, 2009) ("ACC II"), alleging violations of its due process rights as guaranteed by the Puerto Rico Constitution. (Docket No. 21-4.) Plaintiff also moved

Civil No. 09-2067 (JAF) -3-

for a preliminary injunction in that case, requesting the court to bar Mayagüez and the current MMC administrator, Sistemas Integrados de Salud del Suroeste ("SISSO"), from using Plaintiff's equipment, and to arrange for its return to Plaintiff. (Docket Nos. 21-3 at 8; 27-2.) This motion invoked the possibility that Defendants' access to Plaintiff's medical records violates HIPAA provisions, but did not claim any violation of federal constitutional rights. (Id.)

Plaintiff filed the present complaint on October 15, 2009, alleging violations of its Fourth, Fifth, and Fourteenth Amendment rights.[1] (Docket No. 1.) Plaintiff states that Defendants have illegally seized its property and effected a taking without just compensation. Plaintiff then filed a motion for preliminary injunction. (Docket No. 5.) We ordered Defendants to show cause as to why a preliminary injunction should not issue. (Docket No. 9.) Defendants responded with a motion for dismissal on three grounds:[2] (1) Younger abstention; (2) Colorado River abstention; and (3) failure to join an indispensable party. (Docket No. 17);

---

[1] Later submissions have inexplicably replaced Fourth Amendment allegations with claims of First Amendment violations. (Docket Nos. 6; 28.)

[2] Defendants have also raised as a fourth ground, via footnote, the issue of res judicata. (Docket No. 17 n.1.) We decline, at this juncture, to dismiss on res judicata grounds for two reasons. First, it is not clear that a final judgment has been entered. Federal courts are required to give the same preclusive effect to state court judgments as would be given by the courts of that state. See Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982). As noted in Cruz v. Melecio, Puerto Rico, in contrast to most jurisdictions, considers a judgment to be final for preclusive purposes only when all appeals have been exhausted. 204 F.3d 14, 20-21 (1st Cir. 2000). As to ACC I, Defendants have not offered sufficient evidence that the Plaintiff has exhausted all appeals, nor have they made a showing of the "most perfect identity between the . . . causes" of that suit and the present case. See Cruz, 204 F.3d at 19 (listing the requirements of res judicata under Puerto Rico law). ACC II has no preclusive effect because we cannot determine, from the evidence before us, that a final, unappealable judgment on the merits of the case has not been entered. A denial of a preliminary injunction is, by its terms, not a judgment on the merits. See Cruz, 204 F.3d at 19 (claim preclusion under Puerto Rico law requires that parties had a full and fair opportunity to litigate their case in the earlier proceeding); see also H&R Block Tax Servs., Inc. v. Rivera-Alicea, 570 F.Supp.2d 255 (D.P.R. 2008) (affording no preclusive effect to a preliminary injunction issued in an ongoing Commonwealth case).

see Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) ("Colorado River"); Younger v. Harris, 401 U.S. 37, 91 (1971). Plaintiff responds. (Docket No. 28.)

## II.

### Preliminary Injunction

A court may issue a preliminary injunction only after balancing four factors: "1) a likelihood of success on the merits, 2) irreparable harm to the plaintiff should preliminary relief be granted, 3) whether the harm to the defendant from granting the preliminary relief exceeds the harm to the plaintiff from denying it, and 4) the effect of the preliminary injunction on the public interest." Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 63 (1st Cir. 2006).

In the memorandum supporting its motion, Plaintiff seeks return of "hospital and laboratory equipment and machinery, . . . books, records, billing material and other items." (Docket No. 6 at 2.) In its motion, Plaintiff does not elaborate further on the specific property it wants returned to it, though it has submitted nearly 200 pages of spreadsheets detailing what appears to be every chattel in the hospital, from operating tables to waiting room chairs. Having considered all four factors enumerated above, we find that the public interest weighs heavily against granting Plaintiff's motion for an injunction. To grant Plaintiff its requested injunction could cripple the provision of health care services at MMC. The potentially-deleterious effects of such a decision on people in the surrounding community who depend upon MMC for healthcare are too great for us to overlook.

Civil No. 09-2067 (JAF) -5-

## III.

## **Motion to Stay or Dismiss**

Defendants argue that the abstention doctrines detailed in Colorado River and Younger counsel that we stay further proceedings in this case or dismiss it outright because Plaintiff has an ongoing case in Commonwealth court stemming from the same underlying set of facts. (Docket No. 17 at 6-13.) In the alternative, Defendants move under Federal Rule of Civil Procedure 12(b)(7) to dismiss this case for failure to join a required party. (Id. at 13-15.)

### A. **Colorado River Abstention**

Colorado River abstention permits us to "abstain from hearing a case 'due to the presence of a concurrent state proceeding for reasons of wise judicial administration.'" United States v. Fairway Capital Corp., 483 F.3d 34, 40 (1st Cir. 2007) (citing Colo. River, 424 U.S. at 819) (internal quotation marks omitted). "Generally, as between state and federal courts, the rule is that 'the pendency of an action in state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . .'" Colo. River, 424 U.S. at 817 (quoting McClellan v. Carland, 217 U.S. 268, 282 (1910)). Colorado River abstention applies only in limited circumstances; there is "a heavy presumption favoring the exercise of jurisdiction." Fairway Capital, 483 F.3d at 40. "There must be some extraordinary circumstances for a federal court to shrink from 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" Currie v. Group Ins. Comm'n, 290 F.3d 1, 10 (1st Cir. 2002)

Civil No. 09-2067 (JAF)                                                                                              -6-

(quoting Colo. River, 424 U.S. at 817). We consider eight factors to determine whether to decline jurisdiction in a particular case:

> (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Fairway Capital, 483 F.3d at 40 (quoting KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003)). No single factor is determinative; instead, we must balance our "obligation to exercise jurisdiction" with the factors that weigh against that exercise. Colo. River, 424 U.S. at 819.

The Court of First Instance assumed jurisdiction over the res in this case when it issued orders governing the disposition of the hospital equipment following the eviction, and did so prior to Plaintiff's filing the complaint in federal court. So, the first and fourth factors of the Colorado River test would weigh in favor of abstention. On the other hand, Defendants' claiming the inconvenience of the federal forum is fatuous. The "inconvenient forum factor is concerned with the physical proximity of the federal forum to the evidence and witnesses." Fairway Capital, 483 F.3d at 42 (internal quotation and citation omitted). The parties are all located in Puerto Rico. Furthermore, all events in dispute appear to have occurred in Puerto Rico. Thus, this court is in close proximity to both evidence and witnesses.

When weighing the desire to avoid piecemeal litigation "the district court must look beyond the routine inefficiency that is the inevitable result of parallel proceedings to determine whether there is some exceptional basis for requiring the case to proceed entirely in [state] court." Id. In Colorado River, that "exceptional basis" was present where the case arose from a federal statute stating the "clear policy [of] the avoidance of piecemeal adjudication." Id. (citing Colo. River, 424 U.S. at 819). The First Circuit has also found such an exceptional basis where a pending state court decision on an unsettled matter of state law would render the federal court opinion advisory. See Rivera-Feliciano, 438 F.3d at 62. Defendants have shown no such exceptional basis beyond the routine inefficiency of parallel proceedings that would lead us to believe these claims must be tried in state court.

While the controlling law in this case is federal, the outcome will depend, in part, on the resolution of questions under Puerto Rico's contract and landlord-tenant laws. The U.S. Supreme Court, however, has found it appropriate to stay a case pending the resolution of controlling state law only in "rare circumstances." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp. 460 U.S. 1, 26 (1983). The First Circuit has found that such "rare circumstances exist only when a case presents complex questions of state law that would best be resolved by a state court." Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 15 (1st Cir. 1990). The case at bar presents no complex questions of state law.

As to the sixth factor, there has been no showing that the state court would be inadequate to protect the Plaintiff's federal constitutional rights. The seventh factor, however, weighs in

favor of our retaining jurisdiction because there has been no showing that Plaintiff pursues this claim for vexatious or contrived purposes.

The final factor, respect for the principles underlying removal jurisdiction, does not weigh in favor of abstention here. The First Circuit has previously stated that this factor is relevant if "a plaintiff was attempting to evade the policy in 28 U.S.C. § 1441 that only a defendant be able to remove a lawsuit from state court to federal court." Fairway Capital, 483 F.3d at 44. Defendants have offered no evidence to convince us that Plaintiff filed the present case merely because it is unable to remove its current suits from the Court of First Instance.

**B.      Younger Abstention**

The Younger abstention doctrine has been expanded from its original application in criminal cases to two types of civil cases. First, it calls for abstention in "quasi-criminal (or at least coercive)" state civil and administrative proceedings that are enforcement actions brought against an individual. Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 69 (1st Cir. 2005). The second application of Younger is to "situations uniquely in furtherance of the fundamental workings of a state's judicial system." Id. The First Circuit has noted that this second category is fairly limited and includes challenges to post-judgment appeal bonds and civil contempt proceedings. Id. (citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987) (appeal bonds); Juidice v. Vail, 430 U.S. 327 (1977) (civil contempt)). The first category does not apply to the present case of contractual landlord-tenant dispute. There is nothing coercive or quasi-

criminal about Mayagüez' action in evicting a tenant. Nor is this a case which threatens the fundamental workings of Puerto Rico's judicial system.

### C. Motion to Dismiss Under Rule 12(b)(7)

Finally, Defendants argue SISSO is a party required to be joined under Federal Rule of Civil Procedure 19. Rule 19(a)(1)(A) defines a "required party" as one in whose absence "the court cannot accord complete relief among existing parties." A required party may also be one who:

> Claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed R. Civ. P. 19(a)(1)(B).

When joinder is not feasible, the court must then decide whether, "in equity and good conscience," the action should continue with the existing parties or be dismissed. Fed. R. Civ. P. 19(b). Where a required party has not been joined, a party may move for dismissal under Rule 12(b)(7). Although the First Circuit has yet to explicitly state who carries the burden on a Rule 12(b)(7) motion, those courts of appeals that have addressed the issue all lay the burden upon the defendant. See Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005) ("The burden of proof rests on the party raising the defense . . . to 'show that the person

who was not joined is needed for a just adjudication'") (quoting 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1607 (3d ed. 2001)); Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994) ("[D]ismissal for failure to join an indispensable party should only be ordered where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by the absence."); Ilan-Gat Eng'rs, Ltd. v. Antigua Int'l Bank, 659 F.2d 234, 242 (D.C. Cir. 1981) (holding that the burden is on movant to show that it would be prejudiced by the absence of a party). We adopt this standard as our own. Accord Colón v. Blades, 570 F. Supp. 2d 204 (D.P.R. 2008).

In the present case, Defendants argue that SISSO is in actual possession of the property of which Plaintiff claims it has been wrongfully deprived. As the specific remedy sought is one of damages, however, Defendants have not carried their burden in demonstrating that SISSO's joinder is necessary for us to afford complete relief. Plaintiff's complaint calls for compensation, punitive damages, and attorney's fees, but no specific equitable relief. (See Docket No. 1 at 8.) Since we deny preliminary injunctive relief in this Order, the only remedy Plaintiff will obtain – without an amendment of its complaint – is money damages. There is no need for SISSO to be joined in this action to afford complete monetary relief to Plaintiff.

Furthermore, Defendants have not demonstrated that SISSO claims an interest in Plaintiff's property or that this interest would be affected by a damages judgment against

Defendants for the alleged constitutional violations. Finally, there has been no showing of inconsistent obligations or other such prejudice to Defendants that will result from the absence of SISSO.

## IV.

## Conclusion

For the reasons stated above, we hereby **DENY** Plaintiff's motion for preliminary injunction (Docket No. 5). We **GRANT** Defendants' motion to deny preliminary injunction (Docket Nos. 16; 17) and **DENY** Defendants' joint motion to dismiss (id.).

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 23rd day of December, 2009.

                                                               s/José Antonio Fusté
                                                               JOSE ANTONIO FUSTE
                                                               Chief U.S. District Judge